### Kellyville Coal Co. v. Wm. Witt.

1. IMPEACHMENT—*Of Witnesses—Statements Made Out of Court.*— Misquoted statements drawn up in the interest of a coal company and signed by its employes simply for the purpose of adjusting a claim against an insurance company in which the coal company was insured against loss by reason of personal injury suits, are not competent, and should have no force by way of impeachment of the signers when witnesses in actions for personal injuries growing out of the same transaction.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND W. BOOKWALTER, Judge, presiding. Heard in his court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

D. D. EVANS and G. M. McDOWELL, attorneys for appellant.

G. W. SALMANS and FRED DRAPER, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $500 rendered in favor of appellee in a suit brought against appellant to recover for injuries sustained by appellee while working in appellant's coal mine.

Appellee, in connection with one Fred Bernice, was engaged in driving an entry in appellant's mine. When about thirty feet from the working face, a part of the roof fell and broke his leg. The roof fell because of insufficient propping with timbers. Appellee and Bernice testified

that they knew the necessity for timbers to do the propping with, and gave frequent orders for timbers in the usual and customary way, but that appellant failed to supply them. Their testimony clearly shows a failure on the part of appellant to supply the necessary timbers and to keep the roof in a reasonably safe condition, and that such failure was the proximate cause of appellee's injury. Their testimony is in conflict with written statements made by both of them a few weeks after the accident. The written statements show no cause of action and for that reason it is insisted the verdict and judgment should have been for appellant.

Appellee and Bernice testified that the statements were drawn up by one of the attorneys for appellant and signed by them under the representation that the purpose was simply for adjusting a claim against the insurance company which had insured against such injuries, and that the written statements misquote what was said to the party who drew up the statements. If that is true, the statements would not be binding upon appellee and should have no force in the way of impeachment against them as witnesses. Whether true, was a question for the jury, of course, and we are not willing to say that the jury were wrong on that disputed point.

We see nothing in the record to justify us in reversing the judgment. Judgment affirmed.